# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| HELEN YOUNGBLOOD | : | |
| 749 COITSVILLE ROAD | : | |
| YOUNGSTOWN, OHIO 44405 | : | |
| INDIVIDUALLY AND AS A | : | CASE NO. 4:19-cv-231 |
| PUTATIVE CLASS | : | |
| REPRESENTATIVE, | : | |
| | : | |
| PLAINTIFF, | : | JUDGE _____ |
| | : | |
| VS. | : | |
| | : | |
| | : | |
| BOARD OF COMMISSIONERS OF | : | |
| MAHONING COUNTY, OHIO, AND | : | |
| DAVID C. DITZLER, CAROL | : | CLASS ACTION ALLEGATIONS |
| RIMEDIO-RIGHETTI AND | : | ENDORSED HEREON |
| ANTHONY TRAFICANTI | : | |
| 21 W. BOARDMAN STREET, 2ND FL. | : | JURY DEMAND |
| YOUNGSTOWN, OHIO 44503; AND | : | ENDORSED HEREON |
| C/O PAUL GAINS, ESQ. | : | |
| MAHONING COUNTY | : | |
| PROSECUTOR | : | |
| 21 W. BOARDMAN STREET | : | |
| YOUNGSTOWN, OH 44503 | : | |
| | : | |
| AND | : | |
| | : | |
| MAHONING COUNTY | : | |
| DEPARTMENT OF JOB & FAMILY | : | |
| SERVICES | : | |
| 345 OAK HILL AVE | : | |
| ENTRANCE D. | : | |
| YOUNGSTOWN, OHIO 44502 | : | |
| | : | |
| AND | | |
| | | |
| ROBERT E. BUSH, JR. | | |
| DIRECTOR | | |

| | |
|---|---|
| MAHONING COUNTY | : |
| DEPARTMENT OF JOB & FAMILY | : |
| SERVICES | : |
| 345 OAK HILL AVE | : |
| YOUNGSTOWN, OHIO 44502 | : |
| | : |
| AND | : |
| | : |
| MELISSA WASKO | : |
| PROGRAM ADMINISTRATOR | : |
| MAHONING COUNTY | : |
| DEPARTMENT OF JOB & FAMILY | : |
| SERVICES | : |
| 345 OAK HILL AVE | : |
| YOUNGSTOWN, OHIO 44502 | : |
| | : |
| DEFENDANTS. | : |

**COMPLAINT WITH CLASS ALLEGATIONS UNDER 42 U.S.C.§1983  FOR DENIAL OF DUE PROCESS OF LAW IN HIRING AND PROMOTIONS AND WITH AN  INDIVIDUAL CLAIM FOR RETALIATION AND UNLAWFUL DISCIPLINARY ACTION.**

### A.    INTRODUCTION

1. This is a putative class action for due process and equal protection of law abuses in promotions and  hiring in the Mahoning County Ohio Department of Job and Family Services (hereinafter "MCDJFS").  It is also an action for individual relief for violation by the Defendants listed below of R.C. 4113.52, the Ohio Whistleblower Act.

2. Promotions and hiring in Mahoning County are  the product of cronyism, patronage, and racially discriminatory customs and practices.  Although purported lawful hiring policies exist, they are not followed. The long-standing and persistent custom in the Mahoning County Department of Job and Family Services has been to award promotions  without appropriate posting of vacancies, but instead to rely on cronyism,

2

patronage and racial identity. The acts of Defendants have had class wide impact and damaged the class. In addition to class claims, individual claims are asserted herein on behalf of putative class representative Helen Youngblood.

### B. PARTIES

3. Helen Youngblood is an African American employee of the Mahoning County Department of Job & Family Services. Ms. Youngblood is also an official representative of the relevant collective bargaining unit and therefore has a personal stake in whether employment matters are managed within the Department of Jobs & Family Services in a lawful manner. The employees represented by Ms. Youngblood and Ms. Youngblood have property interests in their employment by reason of the past practices of Defendants and Ohio law concerning treatment of employees in the classified civil service. The African American employees effected by Defendants' actions are members of a protected class under Title VII and The Fourteenth Amendment Equal Protection Clause.

4. Defendant Mahoning County is a political subdivision of the State of Ohio under R.C. 2744.01(F) and at all times pertinent hereto operated a Department of Job & Family Services.

5. Defendants Ditzler, Rimedio-Righetti and Traficanti, are Commissioners serving on the Mahoning County Board of Commissioners, (hereinafter "The Board"). Defendant Bush is the Director of MCDJFS. Defendant Wasko is the MCDJFS Program Administrator.

6. Defendants' actions complained of herein, are not the product of an officially adopted or promulgated policy, the practices are part of a long-standing custom, culture and practice, that is not formally written but is pervasive, longstanding and has the force of law. Accordingly, these practices are subject to redress in United States district court

under 41 U.S.C Sec. 1983 and the Fourteenth Amendment Due Process and Equal Protection Clauses. The Commissioner Defendants are sued in their official and personal capacities .The MCDJFS Defendants are sued in their official capacities only.

### C.      JURISDICTION

7. Jurisdiction in this district court over this action arises under the provisions of 28 U.S.C. §1331 and 28 U.S.C. §1343. Plaintiffs' claims are cognizable in federal court by reason of the provisions of 42 U.S.C. §1983 and the Fourteenth Amendment to the United States Constitution. The individual claims of Ms. Youngblood are cognizable under the supplemental jurisdiction of the Court and brought under R.C. 4113.52 "The Ohio Whistleblower Act." Plaintiffs have received a Right to Sue letter which is attached as Exhibit A.

### D.      VENUE

8. Venue in this action is properly laid in the Northern District of Ohio, Eastern Division, for the reason that jurisdiction is not founded solely on diversity of citizenship, Defendants all reside in the Northern District of Ohio, and a substantial part of the events which give rise to this action occurred in the Northern District of Ohio, Eastern Division.

### E.      CLASS ALLEGATIONS

9. Ms. Youngblood brings this action under Rule 23 of the Federal Rules of Civil Procedure on behalf of herself and a class ("Class") and subclass ("Subclass"). The Class Period commenced on January 1, 2014.

10. Ms. Youngblood brings this action under Federal Rule of Civil Procedure 23(b)(1) on behalf of a class defined as:

> All persons eligible for employment or advancement employed at the Mahoning County Department of Jobs & Family Service on January 1, 2014 and thereafter.

11. Ms. Youngblood also brings this action under Federal Rule of Civil Procedure 23(b)(2) on behalf of a class defined as set for the in Paragraph 6(b) for the reason adjudication of the issues raised here will be dispositive of the claims of all persons affected.

12. Ms. Youngblood also brings this action under Federal Rule of Civil Procedure 23(b)(3) on behalf of a class defined as set forth in Paragraph 9 for the reason questions of law common to the class predominate over the claims of individual class members.

13. The claims of Ms. Youngblood are typical of the claims of the Class and Subclass.  Ms. Youngblood will fairly and adequately protect the interests of the Class and Subclass.  Ms. Youngblood has no conflicts with any other Class or Subclass Member, and has retained competent counsel experienced in class action litigation.

14. Common questions of law and fact exist.  Questions of law and fact are common to the Class and the Subclass and predominate over any questions affecting only individual Class and Subclass Members.

15. Class action treatment is a superior method for the fair efficient adjudication of the controversy described herein.  A class action provides an efficient method whereby enforcement of the rights of Ms. Youngblood and defendants can be fairly managed.

### F. FIRST CLAIM FOR RELIEF – DUE PROCESS

16. Plaintiff restates that which has been set forth above as though fully restated and incorporated herein.

17. On information and belief, the Director of the Department of Job and Family Services has within the past sixty months made a series of promotional appointments without prior posting, and hired individuals who lacked the requisite qualifications.  The aforementioned hirings are typical of the endemic reliance on cronyism, patronage and

racial discrimination in connection with the filling of positions in Mahoning County and ODJFS.

18. Plaintiff seeks judicial intervention to reverse, rescind and/or cause the proper advertisement and filling of these positions in accordance with applicable law.

19. The incessant and continuous use of cronyism and race to fill public positions without following the provisions of Ohio law and published policy is violative of the federally protected property interests of Ms. Youngblood and the putative class and is actionable as a denial of due process of law under the Fourteenth Amendment. The practices challenged here have long- standing duration and remain a custom in Mahoning County.

### G. SECOND CLAIM FOR RELIEF – RACIAL DISCRIMINATION (FOURTEENTH AMENDMENT)

20. Plaintiff restates that which has been set forth above as though fully restated and incorporated herein.

21. Defendants' acts in making employment related decisions such as hiring, termination and promotions on the basis of patronage and cronyism results in unlawful treatment of similarly situated individuals, MCDJFS employees, on the basis of race, without a compelling governmental interest.

22. Black employees at MCDJFS, as a group, are less likely to have the political and patronage network available to enable them to receive the preferential treatment accorded to the employees unlawfully promoted and complained of herein.

23. Plaintiff and the putative class have been damaged by the unlawful racial discrimination exercised by Defendants.

### H. THIRD CLAIM FOR RELIEF – TITLE VII

24. Plaintiff restates that which has been set forth above as though fully restated and incorporated herein.

25. Plaintiff and putative class members are members of a protected racial class under Title VII.

26. The acts complaint of herein have a disparate impact upon Plaintiff and the putative class.

27. Defendants' acts have caused injury to Plaintiff and the putative class.

### I.     FOURTH CLAIM FOR RELIEF – RESPONDEAT SUPERIOR

28. Plaintiff restated that which has been set forth above as though fully restated and incorporated herein.

29. Defendants Ditzler, Rimedeo-Righetti and Traficanti are the duly elected Commissioners of Mahoning County, Ohio.

30. Defendants Bush and Wasko were at all times relevant to this Complaint employed by Mahoning County, Ohio.

31. At all times relevant to this Complaint Defendants Bush and Wasko acted within the scope of their employment when performing the wrongful acts described hereinbelow and hereinabove.

32. By virtue of the doctrine of respondeat superior, Mahoning County, Ohio and the Commissioner Defendants are liable for injuries to the class.

33. By virtue of the doctrine of agency by estoppel Mahoning County, Ohio and the Commissioner Defendants are liable for injuries to the class.

### J.     FIFTH CLAIM FOR RELIEF – RC 4113.52 – YOUNGBLOOD INDIVIDUALLY

34. Plaintiff restates that which has been set forth above as though fully restated and incorporated herein.

35. Plaintiff Youngblood brings this claim in her individual capacity.

36. Ms. Youngblood is a senior employee of MCDJFS and an officer in the relevant collective bargaining unit.

37. Defendants Bush and Wasko have engaged in an unlawful campaign of intimidation, disciplinary action and retaliation against Ms. Youngblood because Ms. Youngblood's reporting to Defendants Bush and Wasko violations of Ohio law concerning hiring, promotion and terminations within MCDJFS.

38. Contrary to the provisions of R.C. 4113.52, Defendants Bush and Wasko have taken disciplinary and retaliatory action against Ms. Youngblood for her activities as a union official and an Ohio employee reporting violations under 4113.52 "The Ohio Whistleblower Act."

39. Ms. Youngblood has been damaged by the actions of Defendants Bush and Wasko.

**WHEREFORE**, Plaintiff requests the following:

1. Certification of a class following the filing of an appropriate motion. A preliminary and permanent injunction enjoining Defendants' acts and practices which infringe upon Plaintiff's property rights and interests, violates any provision of federal or Ohio law that require proper postings of vacancies and require that positions are filled based upon qualifications not relationships, cronyism, or racial identity.

2. Other appropriate equitable relief (i) to redress the above violations or (ii) to enforce Plaintiff's property rights and interests.

3. A declaration that Defendants' action are unlawful.

4. On the Whistleblower Claim all relief available under Ohio law.

5. Attorneys fees, interest and costs and such other relief as the Court deems just, including monetary damages.

> *s/Percy Squire*
> Percy Squire, Esq. (0022010)
> Percy Squire Co., LLC
> 341 S. Third Street, Suite 10
> Columbus, Ohio 43215
> 614-224-6528 (T)
> psquire@sp-lawfirm.com

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial.

> *s/Percy Squire*
> Percy Squire, Esq. (0022010)